Shauck, C. J.
Some doubt and controversy should have been eliminated from the case by an instruction to the jury to regard the written contract introduced as the contract which the parties had made for the first delivery. Not only did the plaintiffs themselves introduce that contract in evidence, but their claim that it had been changed after its execution did not meet the test of cross-examination nor the evidence offered to show that the contract remained as it had been executed. The case presented a single question for the jury to determine, and it was common to both causes of action. That question was fairly stated in the instruction which the defendant requested and the court refused. Did the defendant deliver to the plaintiffs all of the hogs which he had which might by proper feeding and care be brought up to the required weights by the times stipulated for their delivery? To establish the claim of the plaintiffs that he had not done so, parol evidence was competent, for to that extent the phrase “my hogs” which the parties used in making the contract to designate its subject was ambiguous. But there is no justification for the admission of parol evidence to show that the parties made a contract different in terms from that which they had written and signed, nor for the instruction given to the jury that they might consider that evidence in determining what contract the parties had made, nor for the refusal to give the requested instruction referred to. Parol evidence was not competent to vary the *492 terms of the contract, although it was competent to apply the terms of the contract to its subject. The wisdom of this rule could hardly be better illustrated than in the present case. The vendor was not a dealer in hogs, but was a farmer and raiser of hogs. The vendees were dealers in hogs, and they were contracting with respect to the marketing of the hogs which the vendor might produce upon his own farm. Not only is this implied by the terms used in the contracts, but in one of them it is expressly stipulated that if the vendor’s hogs should die both parties should be released from the obligations of the contract. It is plain that the understanding of the parties with respect to the subject of the sale was not more definite than the phrase which they employed to designate it. They were contracting only with reference to the vendor’s hogs, and the number of them which could with proper care and feeding be. brought to the minimum weight designated by the times fixed for delivery could not be precisely known. Because it could not be precisely known it could not be precisely stated. It is true that in other portions of the charge the rules of law respecting the conclusiveness of written instruments were correctly stated to the jury, but such abstract statements could not .be an effectual antidote against the concrete errors referred to. It is obvious that a very simple case was complicated by the persistent efforts of the plaintiffs upon the trial to expand it beyond its legal dimensions.

Judgments reversed.

Price, Crew, Summers, Spear and Davis, JJ., concur.